# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VELOCITY HOLDING COMPANY, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 46-5531790 | Chapter 11<br><br>Case No. 17-12442 (KJC) |
| In re:<br><br>VELOCITY POOLING VEHICLE, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 46-5544630 | Chapter 11<br><br>Case No. 17-12441 (KJC) |
| In re:<br><br>ED TUCKER DISTRIBUTOR, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 75-1319197 | Chapter 11<br><br>Case No. 17-12444 (KJC) |
| In re:<br><br>RALCO HOLDINGS, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 14-1980707 | Chapter 11<br><br>Case No. 17-12455 (KJC) |
| In re:<br><br>RALLY HOLDINGS, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 14-1980707 | Chapter 11<br><br>Case No. 17-12456 (KJC) |
| In re:<br><br>TUCKER ROCKY CORPORATION,<br><br>Debtor.<br><br>Tax I.D. No. 52-2065967 | Chapter 11<br><br>Case No. 17-12458 (KJC) |

| | |
|---|---|
| In re:<br><br>TUCKER-ROCKY GEORGIA, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 47-3838121 | Chapter 11<br><br>Case No. 17-12459 (KJC) |
| In re:<br><br>MOTORSPORT AFTERMARKET GROUP, INC.,<br><br>        Debtor.<br><br>Tax I.D. No. 94-3370080 | Chapter 11<br><br>Case No. 17-12452 (KJC) |
| In re:<br><br>DFR ACQUISITION CORP.,<br><br>        Debtor.<br><br>Tax I.D. No. 26-3664542 | Chapter 11<br><br>Case No. 17-12443 (KJC) |
| In re:<br><br>J&P CYCLES, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 27-4252512 | Chapter 11<br><br>Case No. 17-12445 (KJC) |
| In re:<br><br>KURYAKYN HOLDINGS, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 27-4252341 | Chapter 11<br><br>Case No. 17-12447 (KJC) |
| In re:<br><br>MAG CREATIVE GROUP, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 27-3734754 | Chapter 11<br><br>Case No. 17-12448 (KJC) |

| | |
|---|---|
| In re:<br><br>MAGNET FORCE, LLC,<br><br>       Debtor.<br><br>Tax I.D. No. 42-2192635 | Chapter 11<br><br>Case No. 17-12449 (KJC) |
| In re:<br><br>MOTORCYCLE SUPERSTORE, INC.,<br><br>       Debtor.<br><br>Tax I.D. No. 93-1291046 | Chapter 11<br><br>Case No. 17-12450 (KJC) |
| In re:<br><br>MOTORCYCLE USA LLC,<br><br>       Debtor.<br><br>Tax I.D. No. 20-1408994 | Chapter 11<br><br>Case No. 17-12451 (KJC) |
| In re:<br><br>MUSTANG MOTORCYCLE PRODUCTS, LLC,<br><br>       Debtor.<br><br>Tax I.D. No. 27-4253660 | Chapter 11<br><br>Case No. 17-12453 (KJC) |
| In re:<br><br>PERFORMANCE MACHINE, LLC,<br><br>       Debtor.<br><br>Tax I.D. No. 27-4253924 | Chapter 11<br><br>Case No. 17-12454 (KJC) |
| In re:<br><br>RENTHAL AMERICA, INC.,<br><br>       Debtor.<br><br>Tax I.D. No. 20-4283827 | Chapter 11<br><br>Case No. 17-12457 (KJC) |

57251/0001-15158125v1

| | |
|---|---|
| In re:<br><br>V&H PERFORMANCE, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 27-4252802 | Chapter 11<br><br>Case No. 17-12460 (KJC) |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Velocity Holding Company, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[1] respectfully aver as follows in support of this motion:

**RELIEF REQUESTED**

1. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) directing procedural consolidation and joint administration of the above-captioned chapter 11 cases; and (b) granting related relief. The Debtors request that one docket be maintained for all of the jointly-administered cases under the case of Velocity Holding Company, Inc., and that the cases be administered under a consolidated caption, as follows:

*[Remainder of page intentionally blank]*

---

[1] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, is set forth in greater detail in the *Declaration of Anthony Flanagan, Chief Restructuring Officer of Velocity Holding Company, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on November 15, 2017 (the "Petition Date").

4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VELOCITY HOLDING COMPANY, INC., *et al.*,[1] | Case No. 17-12442 (KJC) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Velocity Holding Company, Inc. (1790); Velocity Pooling Vehicle, LLC (4630); Ed Tucker Distributor, Inc. (9197); Ralco Holdings, Inc. (0707); Rally Holdings, LLC (0707); Tucker Rocky Corporation (5967); Tucker-Rocky Georgia, LLC (8121); Motorsport Aftermarket Group, Inc. (0080); DFR Acquisition Corp. (4542); J&P Cycles, LLC (2512); Kuryakyn Holdings, LLC (2341); MAG Creative Group, LLC (4754); MAGNET Force, LLC (2635); Motorcycle Superstore, Inc. (1046); Motorcycle USA LLC (8994); Mustang Motorcycle Products, LLC (3660); Performance Machine, LLC (3924); Renthal America, Inc. (3827); and V&H Performance, LLC (2802). The location of the Debtors' service address is 651 Canyon Drive, Suite 100, Coppell, Texas 75019.

2. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Velocity Holding Company, Inc. to reflect the joint administration of these chapter 11 cases.

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Velocity Holding Company, Inc., Case No. 17-12442; Velocity Pooling Vehicle, LLC, Case No. 17-12441; Ed Tucker Distributor, Inc., Case No. 17-12444; Ralco Holdings, Inc., Case No. 17-12455; Rally Holdings, LLC, Case No. 17-12456; Tucker Rocky Corporation, Case No. 17-12458; Tucker-Rocky Georgia, LLC, Case No. 17-12459; Motorsport Aftermarket Group, Inc., Case No. 17-12452; DFR Acquisition Corp., Case No. 17-12443; J&P Cycles, LLC, Case No. 17-12445; Kuryakyn Holding, LLC, Case No. 17-12447; MAG Creative Group, LLC, Case No. 17-

12448; MAGNET Force, LLC, Case No. 17-12449; Motorcycle Superstore, Inc., Case No. 17-12450; Motorcycle USA LLC, Case No. 17-12451; Mustang Motorcycle Products, LLC, Case No. 17-12453; Performance Machine, LLC, Case No. 17-12454; Renthal America, Inc., Case No. 17-12457; V&H Performance LLC, Case No. 17-12460. The docket in Case No. 17-12442 should be consulted for all matters affecting this case.

### Jurisdiction and Venue

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m).

### Basis for Relief

7. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The [eighteen] Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the

Court to grant the relief requested herein.

8. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

9. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g., In re Mac Acquisition LLC*, No. 17-12224 (MFW) (Bankr. D. Del. Oct. 19, 2017) (directing joint administration of chapter 11 cases); *In re GST AutoLeather, Inc.*, No. 17-12100 (LSS) (Banks. D. Del. Oct. 4, 2017) (same); *In re Appvion, Inc.*, No. 17.12082 (KJC) (Bankr. D. Del. Oct. 3, 2017) (same); *In re Vitamin World, Inc.*, No. 17-11933 (KJC) (Bankr. D. Del. Sept. 14, 2017) (same); *In re Model Reorg Acquisition, LLC*, No. 17-11794 (CSS) (Bankr. D. Del. Aug. 29, 2017) (same).

10. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings

and objections. Joint administration also will allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

11. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

12. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## Notice

13. The Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the agent under the Debtors' proposed debtor-in-possession credit facility; (d) counsel to the agent under the Debtors' prepetition first lien revolving credit facility; (e) counsel to the agent under the Debtors' prepetition first lien term loan facility; (f) the agent under the Debtors' prepetition second lien term loan facility; (g) counsel to the ad hoc steering committee of revolving credit facility

lenders; (h) counsel to the ad hoc group of first lien term loan lenders; (i) the United States Attorney's Office for the District of Delaware; (j) the Internal Revenue Service; and (k) the office of the attorneys general for the states in which the Debtors operate. As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

14.     No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: November 15, 2017

Respectfully submitted,

**COLE SCHOTZ P.C.**

*/s/ Patrick J. Reilley/*

Norman L. Pernick (No. 2290)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
Email: npernick@coleschotz.com
       preilley@coleschotz.com

-and-

**PROSKAUER ROSE LLP**
Jeff J. Marwil (*pro hac vice* admission pending)
Paul V. Possinger (*pro hac vice* admission pending)
Christopher M. Hayes (DE Bar No. 5902)
Jeramy D. Webb (*pro hac vice* admission pending)
70 West Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551
Email: jmarwil@proskauer.com
       ppossinger@proskauer.com
       chayes@proskauer.com
       jwebb@proskauer.com

*Proposed Counsel to the Debtors*